UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHARON D. WILLIAMS,

                Plaintiff,

v.                                               Case No. 24-cv-1610-pp

SGT. PELISCHEK,

                Defendant.

---

**ORDER SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Sharon D. Williams, who is incarcerated at Taycheedah Correctional Institution and is representing herself, filed a complaint under 42 U.S.C. §1983, alleging that her civil rights have been violated. The plaintiff has paid the full filing fee.[1] This decision screens the complaint, dkt. no. 1.

## I. Screening the Complaint

### A. Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

---

[1] Along with her complaint, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court subsequently received the full filing fee from the plaintiff. Because the plaintiff has paid the full filing fee, the court will deny as moot her motion for leave to proceed without prepaying it.

1

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff alleges that May 30, 2024, she pushed the emergency button in her cell and the defendant, Sergeant Pelischek, came to her door. Dkt. No. 1 at 2. The plaintiff allegedly said, "I feel suicidal and can you call PSU?" Id. The defendant allegedly responded, "Who are you going to kill? The hot sauce bottle or the ketchup bottle?" Id. The plaintiff says that the defendant "was laughing as if this was a joke[]" and he "actually thought this was funny." Id. The plaintiff states that she was seriously depressed and feeling suicidal with thoughts of harming and hurting herself and her roommate. Id. at 2-3. The plaintiff says that she said that her family would be contacting the Department of Corrections in Madison. Id. at 3. She says, "The thought of A older inmate getting killed here at Taycheedah Correctional Institution, March 2024, and the roommate killed her because she was mentally ill at the time." Id. The plaintiff alleges that her roommate wrote a statement about what she witnessed the defendant say to the plaintiff that day, but she says that the statement "disappeared." Id. The plaintiff states that she told other prison staff members what the defendant had said, and they told her to "write him up." Id. The plaintiff asserts that a week later, while she still was at Taycheedah, she was interviewed and a statement was typed up "by Ms. Wolfe [not a defendant] at Addams." Id. She says that another member of the prison staff—also not a defendant—was there with her and Ms. Wolfe. Id. The plaintiff states that she

3

seeks damages from the defendant for ignoring her and for laughing at the thought that she has mental health issues. Id. She states that she is "scarred for life." Id.

The plaintiff checked the box on the court's form complaint indicating that she is suing under state law for $250,000. Id. at 4. For relief, the plaintiff states that she wants the court to terminate the defendant from working at any correctional institution for the rest of his life. Id.

C. Analysis

The plaintiff sues the defendant for allegedly laughing at her when she told him she was suicidal. While the plaintiff does not allege that she harmed herself, she states that she is "scarred for life" based on the defendant's actions.

Failure to provide protection from suicide or self-harm constitutes an Eighth Amendment violation if deliberate indifference by prison officials to an incarcerated individual's welfare effectively condones the harm by allowing it to happen. Eagen v. Dempsey, 987 F.3d 667, 693-94 (7th Cir. 2021) (citations omitted). To state a claim under the Eighth Amendment, the plaintiff must allege that (1) "[she] presented an objectively serious medical need;" and (2) "a defendant . . . responded . . . with deliberate indifference, thereby resulting in some injury." Lord v. Beahm, 952 F.3d 902, 904 (7th Cir. 2020) (citing Petties v. Carter, 836 F.3d 722, 727-28 (7th Cir. 2016)). A medical condition is objectively serious if it is "so obvious that even a lay person would perceive the need for a doctor's attention." See Roe v. Elyea, 631 F.3d 843, 857 (7th Cir.

4

2011). "All agree that suicide is an objectively serious medical condition . . . [and] prison officials cannot intentionally disregard a known risk that an inmate is suicidal." Lord, 952 F.3d at 904 (citing Lisle v. Welborn, 933 F.3d 705, 716 (7th Cir. 2019)). Regarding the second prong, a defendant responds with deliberate indifference when he or she "actually knew of and disregarded a substantial risk of harm." Petties, 836 F.3d at 728. "This requires 'more than mere or gross negligence, but less than purposeful infliction of harm.'" Lisle, 933 F.3d at 716-17 (quoting Matos v. O'Sullivan, 335 F.3d 553, 557 (7th Cir. 2003)).

The plaintiff arguably has satisfied the objective element of an Eighth Amendment claim based on her allegation that she was suicidal. But she has not sufficiently alleged that the defendant acted with deliberate indifference. The plaintiff states that the defendant laughed at her and did not take seriously her statement that she was suicidal. But she has not alleged that the defendant knew of and disregarded a substantial risk of harm to the plaintiff. The plaintiff does not allege that she had self-harmed, or attempted self-harm or suicide, in the past. She does not allege that she suffers from mental health issues or that if she does, the defendant was aware of those issues. It is possible to infer from the plaintiff's allegations the defendant did not actually believe the plaintiff was suicidal. The plaintiff has not satisfied the subjective element of an Eighth Amendment claim.

Although the plaintiff has not stated a claim for violation of her constitutional rights, the court will give her an opportunity to file an amended

5

complaint. If the plaintiff decides to amend her complaint, she should include more information about why she believes the defendant's actions violated her rights. The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. <u>See</u> Civil Local Rule 9(b) (E.D. Wis.). She must list the case number for this case on the first page. She must list the defendant in the caption of the amended complaint. She should use the spaces on pages two and three to explain the key facts that give rise to the claims she wishes to bring. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court back to the facts in the previous complaint.

When writing her amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated her constitutional rights?; 2) What did each person do to violate her rights?; 3) Where did each person violate her rights?; and 4) When did each person violate her rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate her rights.

## II. Conclusion

The court **DENIES AS MOOT** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, she must do so in time for the court to *receive* it by the end of the day on **June 20, 2025**. If the court receives an amended complaint from the plaintiff by the end of the day on June 20, 2025, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint by end of the day on June 20, 2025, the court will dismiss this case based on the plaintiff's failure to state a claim in her original complaint and will issue her a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court advises the plaintiff that if she fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on her failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is her responsibility to promptly notify the court if she is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of her address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated individuals. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting her case.

Dated in Milwaukee, Wisconsin this 16th day of May, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER
Chief United States District Judge**

8

Case 2:24-cv-01610-PP   Filed 05/16/25   Page 8 of 8   Document 17